Submitted on record and briefs October 5, reversed and remanded
November 14, 2001

RAY KLEIN, INC.,
an Oregon corporation,
dba Professional Credit Service,
*Respondent,*

*v.*

Brady PREHEIM,
dba Preheim Computers
and Judith Preheim,
*Appellants.*

99-2241; A110198

35 P3d 1059

Brady N. Preheim and Judith J. Preheim filed the brief *pro se* for appellants.

Jeffrey I. Hasson filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendants appeal from a judgment entered after the filing of an arbitrator's decision and award following court-annexed mandatory arbitration pursuant to ORS 36.400 *et seq.* ORS 36.425(1). Defendants also assign error to the trial court's post-judgment order denying their motion to quash garnishment and to the court's supplemental judgment for sanctions pursuant to ORS 20.105. We conclude that: (1) the trial court erred in denying defendants' request for trial *de novo* and, consequently, reverse and remand for a trial *de novo*; but (2) we lack jurisdiction to review defendants' challenges to the post-judgment order and supplemental judgment.

A detailed description of the facts and the parties' legal arguments would be of no benefit to bench or bar. Accordingly, we limit our comments to those necessary to provide sufficient guidance to the parties and the trial court.

Defendants first assign error to the trial court's denial of their request for a trial *de novo* pursuant to ORS 36.425(2)(a).[1] Plaintiff responds that defendants' request was untimely, and premature, as being filed before the filing of the arbitrator's decision and award—and that, in all events, the defendants failed to tender the requisite filing fee. This court's Motions Department has previously considered and rejected, by order, plaintiff's arguments in the context of denying plaintiff's motion to dismiss this appeal for lack of jurisdiction pursuant to ORS 36.425(3):[2]

---

[1] ORS 36.425(2)(a) provides:

"Within 20 days after the filing of a decision and award with the clerk of the court under subsection (1) of this section, a party against whom relief is granted by the decision and award or a party whose claim for relief was greater than the relief granted to the party by the decision and award, but no other party, may file with the clerk a written notice of appeal and request for a trial de novo of the action in the court on all issues of law and fact. A copy of the notice of appeal and request for a trial de novo must be served on all other parties to the proceeding. After the filing of the written notice a trial de novo of the action shall be held. If the action is triable by right to a jury and a jury is demanded by a party having the right of trial by jury, the trial de novo shall include a jury."

[2] ORS 36.425(3) provides:

"If a written notice is not filed under subsection (2)(a) of this section within the 20 days prescribed, the clerk of the court shall enter the arbitration

"The court determines that defendants' notices of appeal and requests for trial *de novo* were timely filed notwithstanding that they were filed before the arbitration decision was filed because: (1) the arbitration decision was filed untimely and defendants filed their first notice [of appeal] and request [for trial *de novo*] within 20 days of when the arbitration decision should have been filed; and (2) ORS 36.425(2) requires that a notice of appeal and request for trial *de novo* be filed no later than 20 days after the filing of a decision and does not require that the notice and request be filed after the filing of the arbitration decision. *See, e.g., Highway Commission v. Fisch-Or*, 241 Or 412, 399 P2d 1011 (1965); *Way v. Prosch*, 163 Or App 437, 988 P2d 422 (1999) ('within' means 'not later than' such that a motion for new trial is timely filed even though filed before judgment was entered).

"The court further determines that defendants tendered full payment of the filing fee and that the trial court clerk erred in refusing full payment of the filing fee."[3]

Plaintiff's brief, as respondent, which was filed months after the Motions Department's order, does not acknowledge the substance of that ruling—much less ask us to reconsider it.[4] In all events, whether as "law of the case" or otherwise, we adhere to that ruling—and, particularly, to its predicates that defendants' request for trial *de novo* was timely and supported by a full filing fee. Consequently, the trial court erred in denying defendants' request for a trial *de novo* pursuant to ORS 36.425(2)(a).

Defendants also assign error to the trial court's post-judgment order denying their motion to quash garnishment and the court's supplemental judgment awarding sanctions against defendants pursuant to ORS 20.105 for their alleged objectively unreasonable resistance to garnishment. Plaintiff responds that defendants failed to file any notice of appeal

_____

decision and award as a final judgment of the court, which shall have the same force and effect as a final judgment of the court in the civil action *and may not be appealed*." (Emphasis added.)

[3] The denial of plaintiff's motion to dismiss occurred following reconsideration of an earlier order that allowed dismissal of the appeal.

[4] *See* ORAP 7.15(3) ("If any motion other than a challenge to the court's jurisdiction is denied before submission of the case, the motion may not be resubmitted without leave of the court in the order on the motion.").

from that post-judgment order or from the supplemental judgment and, thus, we lack jurisdiction to review defendants' challenges to those dispositions. Plaintiff is correct. *See* ORS 19.205(1)(c); ORS 19.240.[5]

We reject defendants' remaining assignment of error without discussion.

Reversed and remanded for trial *de novo* on arbitrator's award and decision.

---

[5] We imply no view as to the propriety of the court's award of sanctions, in light of our conclusion that defendants were entitled to a trial *de novo* and our consequent reversal of the money judgment that was the basis of plaintiff's garnishment effort.